IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| BOILERMAKER-BLACKSMITH NATIONAL PENSION TRUST; and JOHN FULTZ as a fiduciary of the BOILERMAKER-BLACKSMITH NATIONAL PENSION TRUST;<br><br>Plaintiffs,<br><br>v.<br><br>PACIFIC SHIPYARDS INTERNATIONAL, LLC<br>Defendant. | Case No. 5:21-cv-6101 |

## COMPLAINT

Plaintiffs, for their cause of action against Defendant, Pacific Shipyards International, LLC, state as follows:

## NATURE OF THE CASE

1. This is an action brought pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, and § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, to compel an audit and to collect fringe benefit contributions from the Defendant as may be due and owing to the Plaintiff Employee Benefit Plan.

## PARTIES

2. Plaintiff Boilermaker-Blacksmith National Pension Trust ("the Pension Fund") is an "employee benefit plan" within the meaning of 29 U.S.C. § 1002(3). The Pension Fund is a legal entity that may sue or be sued, pursuant to 29 U.S.C. § 1132(d). The Pension Fund maintains its principal place of administration at 12200 NW Ambassador Drive, Kansas City, Missouri 64163, which is located within the territorial boundaries of the Western District of

Missouri. The Pension Fund is a "multi-employer plan" within the meaning of 29 U.S.C. § 1002(37) and has been established pursuant to § 302(c) (5) of the Labor Management Relations Act (LMRA), 29 U.S.C. § 186(c) (5).

3. Plaintiff John Fultz is a fiduciary of the Pension Fund within the meaning of 29 U.S.C. § 1002(21), and as such, is a proper party to this action.

4. Defendant, Pacific Shipyards International, LLC, is a limited liability company organized under and existing by virtue of the laws of the State of Hawaii. Defendant is an employer within the meaning of 29 U.S.C. § 1002(5).

## JURISDICTION

5. This Court has jurisdiction of Plaintiffs' claims pursuant to 29 U.S.C. § 1132, and also pursuant to 28 U.S.C. § 1331.

6. Because the Plaintiff employee benefit plan is administered in the Western District of Missouri, venue is appropriate in this district pursuant to 29 U.S.C. § 1132(e)(2).

## CAUSE OF ACTION

7. At all times relevant hereto, Defendant has been a party to one or more collective bargaining agreements with the International Brotherhood of Boilermakers, Iron Ship Builders, Blacksmiths, Forgers and Helpers, AFL-CIO (hereinafter "Boilermakers International") and/or affiliate local unions of the Boilermakers International (collectively, "the Union").

8. The Plaintiff Pension Fund is established and operated pursuant to a written agreement and/or declaration of trust. The agreement and/or declaration of trust is incorporated by reference into and are a material part of the collective bargaining agreement(s) between Defendant and the Union.

9. At all times material and relevant to this action, Defendant has employed employees who have performed covered work under the collective bargaining agreement(s).

10. Defendant is obligated under the collective bargaining agreement(s) to timely submit reports and fringe benefit contributions to the Pension Fund. Defendant is required to submit contributions to the Pension Fund each month in such amounts as determined by the number of hours of covered work performed by Defendant's employees at the rates established for the Pension Fund in the collective bargaining agreement(s).

11. The collective bargaining agreement(s) require that contributions due to the Pension Fund are to be paid by the fifteenth (15th) day of the month following the month in which the work was performed, and payments are delinquent if not received by that date.

12. Under the Pension Fund's written agreement and/or declaration of trust and by law, the Pension Fund has the right to audit any of the books and records of employers obligated to remit reports and contributions to the Pension Fund, in order to ensure that such employers are in compliance with their reporting and contribution obligations. Moreover, under the trust agreements and by law, the Pension Fund is entitled to seek judicial relief compelling an audit of any contributing employer who fails or refuses to submit to an audit of its books and records, and further, is entitled to recover the costs and expenses incurred by the Pension Fund in seeking such judicial relief. *See Cent. States Pension Fund v. Cent. Transp.*, 472 U.S. 559 (1985).

13. The Pension Fund has demanded Defendant to disclose certain documents so that the Pension Fund can conduct an audit. Defendant has failed and/or refused to provide to the Pension Fund all documents necessary for the Pension Fund to conduct a full and complete audit of Defendant's books and records in order to determine its compliance with its reporting and contribution obligations. Accordingly, the Pension Fund is entitled to an order compelling

Defendant to submit to an audit, including an order compelling Defendant to produce all documents necessary for a full and complete audit.

14. The Pension Fund has incurred costs and expenses, including attorney's fees, in attempting to remedy Defendant's failure and/or refusal to provide all documents necessary for a full and complete audit. Under the trust agreements and by law, the Pension Fund is entitled to recover these costs and expenses, including attorney's fees, from Defendant.

15. Under the collective bargaining agreement(s) and ERISA, Defendant is obligated to pay any delinquent contributions as may be revealed by an audit of its books and records, and further, is obligated to pay liquidated damages and interest that the Pension Fund assesses upon such delinquent contributions. Accordingly, to the extent an audit of Defendant reveals the existence of any unpaid and delinquent contributions, Defendant is liable to the Pension Fund for such contributions, liquidated damages, and interest. Defendant is also liable to pay the Pension Fund's costs and reasonable attorney's fees for the collection of these amounts.

**WHEREFORE,** Plaintiffs pray that the Court enter an Order:

a) Compelling Defendant to submit to a full and complete audit of its books and records in order to determine Defendant's compliance with its contribution obligations under the collective bargaining agreement(s);

b) Allowing the Plaintiffs to apply for an award against Defendant for any contributions as are determined to be due and owing as based on the audit, plus liquidated damages and/or interest on the fringe benefit contributions;

c) Awarding the Plaintiffs their costs of this action, including Plaintiffs' reasonable attorney's fees; and

d) Granting the Plaintiffs such other relief that the Court deems just and proper, including interest that accrues during the pending of this action.

    Respectfully submitted,

    **BLAKE & UHLIG, P.A.**
    753 State Avenue, Suite 475
    Kansas City, Kansas 66101
    Telephone: (913) 321-8884
    Facsimile: (913) 321-2396

    By    /s/ Nathan A. Kakazu_____
    Nathan A. Kakazu, MO # 70157
    **ATTORNEY FOR PLAINTIFFS**